The evidence clearly shows that the defendant took plaintiff's money, leading him to believe, and to rely upon the representations, that but $950 was due, when he knew the amount was much more. The defendant knew the mortgage was a valid lien, and an incumbrance against the saloon, for goods sold, in addition to the $950, and his omission to disclose that fact when asked by plaintiff was wrong, and he should not be allowed to retain the benefit so wrongfully procured.    It is not only consonant with reason and justice, but clearly settled in this state, that a vendor possessed of knowledge of latent defects in his property, proposed to be sold, cannot honestly represent to an intending purchaser that it is free from such defects.    Defendant's answer to plaintiff's inquiry was a false representation.    It was not necessary for plaintiff to employ a lawyer and examine the mortgage on file.    He had a right to rely upon defendant's statements and accept them as true.    The essential elements of the action—representations, falsity, scienter, deception, and injury—were proven, and it was error to nonsuit the plaintiff.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.    All concur.

---

### FERGUSON v. ZELTNER et al.

(City Court of New York, General Term.    March 16, 1896.)

Action by John S. Ferguson against Henry Zeltner and another.    From an order made below, defendants appeal.    Affirmed.

Argued before FITZSIMONS and CONLAN, JJ.

Mortimer Stiefel, for appellants.

R. Burnham Moffatt, for respondent.

PER CURIAM.    Order affirmed, with costs.

---

(16 Misc. Rep. 275.)

### MAHRO v. GREENWICH SAV. BANK.

(City Court of New York, General Term.    March 16, 1896.)

1. INTERPLEADER—PETITION—STATEMENT OF FACTS.

A petition for interpleader, under Laws 1892, c. 689, § 115, authorizing such procedure "in all actions against any savings bank to recover for moneys deposited therewith, if there be any person or persons not parties to the action who claim the said fund," etc., must state the facts showing the nature of the claim asserted by the person sought to be interpleaded.

2. SAME—INSUFFICIENT PETITION.

Mere allegations that another person claims the fund, and that the bank book does not belong to plaintiff, are insufficient to support a savings bank's petition for interpleader.

Appeal from special term.

Action by Amelia Mahro, as infant, etc., against the Greenwich Savings Bank.    From an order denying defendant's motion to in-